IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| RICARDO ALEXANDER HALL, | : | |
| | : | |
| Plaintiff, | : | NO. 3:11-CV-99 (CAR) |
| | : | |
| VS. | : | |
| | : | |
| GARY COOL, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

### RECOMMENDATION

Before the Court is Defendant Gary Cool's Motion for Summary Judgment. Doc. 18. Because the evidence in the record before the Court presents a genuine dispute of material fact, it is **RECOMMENDED** that Defendant's Motion be **DENIED**.

FACTUAL AND PROCEDURAL HISTORY

On July 26, 2011, Plaintiff Ricardo Alexander Hall field the above-captioned action pursuant to 42 U.S.C. § 1983 alleging that Defendant Gary Cool violated his constitutional rights by using excessive force against Plaintiff while Plaintiff was incarcerated at the Oconee County Jail (OCJ). Doc. 1. Specifically, Plaintiff alleges that Defendant injured Plaintiff by activating Plaintiff's shock restraint belt without any cause or provocation. Following the close of discovery, Defendant filed a Motion for Summary Judgment asserting, *inter alia*, that Defendant is entitled to judgment as a matter of law. Doc. 18.

Construed in the light most favorable to the Plaintiff, the facts of the case are as follows: On July 18, 2011, Plaintiff was called out of his cell at OCJ and placed in a holding cell to await transport to court. Doc. 23. While in the holding cell, Plaintiff was placed in a shock restraint belt for security purposes. Id. Plaintiff was informed about the restraint belt and the ramifications

that Plaintiff would suffer if he breached security protocol. Id. The device used to activate the shock restraint belt was then given to Sgt. Soto at the booking desk. Id.

Defendant was assigned to transport Plaintiff to court. Id. According to Plaintiff, Defendant had transported Plaintiff on previous occasions and was familiar with Plaintiff. Id. After Defendant approached the booking desk, Sgt. Soto handed the activation device to Defendant. Id. Plaintiff alleges Defendant then turned toward Plaintiff and pressed the button to activate the shock restraint belt. Id. Plaintiff states that Defendant had a smirk or a slight grin on his face when he pressed the button activating the shock restraint belt. Id. After the button was pressed, Plaintiff was shocked by the belt for approximately fifteen seconds. Id. Plaintiff alleges that he suffered pain and numbness in his left arm as a result of the shock. Id. Plaintiff also states that he continues to suffer from numbness in his left arm and leg, back pain, and internal pain. Id.

Defendant has been a deputy sheriff for the Oconee County Sheriff's Office assigned to the Court Services Division since November 2009. Def. Aff. (Doc. 18-2). Defendant's responsibilities include transporting inmates to and from court. Id. On the day of the incident, Defendant states that Sgt. Soto handed him a "small plastic device with two buttons on it" when he arrived at the booking desk. Id. Defendant alleges that he did not know what the device was and was not provided with any explanation as to how to use the device. Id. As Defendant was asking Sgt. Soto about the device, Defendant heard Plaintiff screaming in the holding cell. Id. Defendant claims that he must have accidentally pushed the button on the device, which activated the shock restraint belt on Plaintiff. Id.

In support of his motion, Defendant submitted video footage of the incident. Def. Exhibit 1. The video depicts Defendant walking to the booking desk to speak to Sgt. Soto. As Defendant approaches the desk, Sgt. Soto places the activation device on the counter in front of Defendant.

Defendant picks up the activation device and looks at the device while speaking with Sgt. Soto, who is seated behind the counter. The video is without audio. Defendant takes the device in both hands and appears to press the button as he turns toward the holding cell.[1] Defendant then looks towards Plaintiff and places the device back on the counter. Another officer and a nurse come running from the background, apparently having heard Plaintiff's cries. Defendant does not respond, but leaves the booking area.

## LEGAL STANDARD

In accordance with Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Cleotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). If the moving party meets this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the moving party is not entitled to judgment as a matter of law." Id. at 324-26. If the evidence presented by the non-movant is "not significantly probative" or is "merely colorable," then summary judgment must be granted. Anderson, 477 U.S. at 249. In fact, summary judgment must be entered "against a party who

---

[1] Although neither Plaintiff nor the holding cell is visible from the video, it is evident from the actions of the officers that the holding cell is located just to the right of the camera's view.

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## DISCUSSION

Plaintiff contends that Defendant purposefully activated the shock restraint belt with the intention of causing unnecessary harm to Plaintiff. Because the evidence in the record could support a finding that Defendant purposefully activated Plaintiff's shock restraint belt, a genuine issue of material fact exists as to whether Defendant applied excessive force against Plaintiff in violation of Plaintiff's constitutional rights.

As Plaintiff was a pretrial detainee at the OCJ, Plaintiff's claims must be examined under the Due Process Clause of the Fourteenth Amendment. Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998). An excessive force claim under the Fourteenth Amendment requires the same analysis as an excessive force claim under the Eight Amendment. Fennell v. Gilstrap, 559, F.3d 1212, 1216 n. 5 (11th Cir. 2009) (citing Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005). To establish a claim of excessive force, an inmate must present evidence to show that the force was applied "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Courts evaluating claims of excessive force consider five factors "relevant to ascertaining whether force was used 'maliciously and sadistically for the very purpose of causing harm.'" Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quoting Whitley, 475 U.S. at 321). These five factors are:

(1) the extent of the injury;

(2) the need for application of force;

(3) the relationship between that need and the amount of force used;

(4) any efforts made to temper the severity of a forceful response; and

(5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

Id. The use of force against an inmate while trying to secure him or prevent harm to others "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." Campbell, 169 F.3d at 1372. Prison officers are given a wide range of deference acting to preserve discipline and security, and "guards may use force when necessary to restore order and need not wait until disturbances reach dangerous proportions before responding." Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007).

In this case, a reasonable jury could find that Defendant pressed the button to activate Plaintiff's shock restraint belt maliciously, for the very purpose of causing harm. It is undisputed that Plaintiff presented no disturbance or security threat at the time Defendant activated the shock belt. As such, no use of force was warranted in the circumstances. Defendant contends, however, that his actions were unintentional, that he was unaware the device would activate Plaintiff's shock belt when he pressed the buttons.

The evidence is sufficient to permit a reasonable jury to find that Defendant knowingly and intentionally activated the shock belt. Plaintiff has testified that Defendant looked at him and smiled or smirked just before pressing the buttons. The video evidence can be viewed as consistent with Plaintiff's testimony. The video shows Defendant looking in Plaintiff's direction at approximately the same time he presses the button. Although Plaintiff's reaction to the shock was apparently extreme enough to bring an officer and a nurse running from the other side of the room, there is no indication that Defendant was surprised at all by Plaintiff's reaction. Defendant simply walks away as if nothing has happened. A reasonable jury could infer from this conduct

that Defendant knew that Plaintiff would be shocked when he pressed the buttons on the activation device. A reasonable jury might also disbelieve Defendant's testimony that he was unfamiliar with the shock belt and its activation device, based on the length of Defendant's tenure as an inmate transportation officer. A jury could therefore conclude that Defendant activated Plaintiff's shock restraint belt maliciously for the very purpose of causing harm, in violation of Plaintiff's constitutional rights.

Given the genuine issue of material fact regarding Defendant's use of force against Plaintiff, Defendant has not demonstrated that he is entitled to qualified immunity as a matter of law. As set forth above, the intentional and unwarranted shocking of Plaintiff would constitute excessive use of force in violation of Plaintiff's constitutional rights. In the Eleventh Circuit, the defense of qualified immunity is not available in cases where it is shown that force was used "maliciously and sadistically to cause harm." Skrtich, 280 F.3d at 1301. "There is simply no room for qualified immunity when the plaintiff alleges such a violation." Id.

## CONCLUSION

Because the disputed evidence in this case presents a genuine issue of material fact that must be resolved at trial, Defendant is not entitled to judgment as a matter of law. Accordingly, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITIHIN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 13th day of July, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge