```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    ATHENS DIVISION
```

RICARDO ALEXANDER HALL,        )
                               )
     Plaintiff,                )
                               )Civil Action No.: 3:11-CV-99(CDL)
     v.                        )
                               )
SERGEANT GARY COOL,            )
                               )
     Defendant.                )
_____ )

**DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE RECOMMENDATION**

NOW COMES Defendant Gary Cool, by and through counsel, and hereby files this objection to the recommendation of the Honorable Charles H. Weigle, United States Magistrate Judge, which recommended that Defendant's Motion for Summary Judgment be denied. (Document 24)

**ARGUMENT AND AUTHORITY**

This written objection is made pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), Federal Rules of Civil Procedure. Where, as here, written objections are timely filed to a recommendation on a motion for summary judgment in a prisoner matter, the district court makes a de novo determination about the matter and may accept, reject, or modify the recommended disposition or take such other action as is warranted. In this case, upon a de novo review of defendant's motion for summary

- 1 -

judgment, defendant submits that the court should reject the recommended disposition and instead should grant the defendant's motion for summary judgment.[1]

The factual materials before this court on defendant's motion consist of the declaration of Defendant Cool (Document 18-2), the video of a portion of the incident about which plaintiff complains (Document 18, #3 Exhibit Submission), and a declaration from plaintiff (Document 23-2).

Defendant Cool has explained that he had never received training about the operation of the shock restraint belt and did not know that he could activate the restraint belt in the manner in which he did. He has sworn that he was not aware that Mr. Hall was wearing a shock restraint belt. (Document 18-2, p.3)

On the morning of July 18, 2011, he arrived at the jail to transport Mr. Hall to court at which point Sergeant Soto at the booking desk handed him a small plastic device without providing any explanation for what it was. His back was to the holding cells within the booking area, and Defendant Cool was asking Sergeant Soto what the device was at the point that he heard someone yelling from the holding cell. (Id.) None of those

---

[1] Plaintiff has failed to keep the court advised of his current address, and an order directing plaintiff to show cause why his case should not be dismissed for want of prosecution before August 14, 2012, has been entered. Document 27) Dismissing the complaint on that basis would render it unnecessary for the court to consider this objection.

factual statements are refuted by Mr. Hall or by the video of the encounter.

According to plaintiff, Defendant Cool pointed the device "near my vicinity" and as he was being shocked, he observed Defendant Cool looking at him with a smirk or a light grin on his face. (Document 23-2, p.1) At another point in his declaration, Hall states that he saw a smile on Defendant Cool's face. (Document 23-2, p.2)

Defendant urges the court to review the video images for itself. What the video shows is Defendant Cool approaching the booking desk and picking up the device. Defendant Cool observes and handles the device in a manner that is totally consistent with his declaration, i.e., that he was not familiar with the device. The device was never pointed at the plaintiff, and the video does not show Defendant Cool smiling at any time around the time that the restraint belt was actively operated.

The video also shows that when plaintiff made an outcry in response to the activation of the belt, other personnel including the jail nurse arrived in the booking area shortly thereafter. Defendant Cool concluded that it was best for him to walk away from the immediate area, and the jail commander asked him to step into his office. (Document 18-2, p.4)

From this record, Judge Weigle erroneously concluded a reasonable jury could find that Defendant Cool activated the restraint belt maliciously and for the very purpose of causing harm. The conclusion that the video reflects Defendant Cool looking at plaintiff and smiling or smirking just before pressing the buttons is simply wrong. Candidly, defendant has no idea how the magistrate could have reached that conclusion from reviewing the video.

Judge Weigle also apparently draws an adverse inference from the fact that Defendant Cool "simply walks away as if nothing has happened". (Document 24, p.5) There is no indication that Defendant Cool has any medical training and both his declaration and the video demonstrates that a jail nurse arrived within moments of the event. It is not clear what Judge Weigle might have expected to see from the video that would reflect surprise.

Respectfully, Judge Weigle's conclusion that a reasonable jury might disbelieve Defendant Cool's statement that he was unfamiliar with the shock belt base on the length of defendant's tenure as an inmate transportation officer is totally unjustified. There is no evidence in this record of how long the Oconee County Sheriff's Office had utilized shock restraint belts and there is nothing to contradict Defendant Cool's

statements about his unfamiliarity with the device either directly or circumstantially.

While not absolutely essential to an analysis of the legal issue in this case, there is nothing in plaintiff's pleadings, in his declaration, or otherwise in the record of this case to explain why plaintiff would have been the target for Defendant Cool's allegedly malicious behavior. There is no indication of any prior difficulty between these two parties, for example, and no reasonable explanation is offered for why Defendant Cool would target plaintiff to be a victim of his alleged gratuitous and sadistic use of force.

Defendant has no quarrel with Judge Weigle's identification of the standard which applies to use of force in the context of this case. As he noted, establishing a claim of excessive force requires the inmate to prove that the force was applied "maliciously and sadistically for the very purpose of causing harm". (Document 24, p.4), citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986) Defendant has not argued that the application of the force could be justified on the basis of security or related reasons. Rather, defendant's argument is predicated on the proposition that if the application of force was unintentional or accidental, no violation of plaintiff's rights can be demonstrated.

Based upon an objective review of the record, defendant submits that a reasonable jury could not find that Defendant Cool maliciously, intentionally, sadistically, and gratuitously activated the shock belt. Therefore, upon <u>de</u> <u>novo</u> review, defendant's motion for summary judgment should be granted.

                Respectfully submitted,

                BEGNAUD & MARSHALL, LLP

                <u>s/Andrew H. Marshall</u>
                Andrew H. Marshall
                Georgia Bar No. 471450
                Attorney for Defendant Cool

1091-B Founders Boulevard
Post Office Box 8085
Athens, Georgia 30603-8085
706-316-1150
706-316-1153 fax
dmarshall@athens1867.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the other parties in the foregoing matter by depositing in the United States mail a copy of the **Defendant's Objection to Magistrate Judge Recommendation** in an envelope with adequate postage addressed to:

> Ricardo Alexander Hall
> 119 Lee Street, N.E.
> Decatur, Alabama 35601

This 27th day of July, 2012.

s/Andrew H. Marshall
Andrew H. Marshall
